**H. C. DENNY & CO. v. LEE.  (No. 121-2990.)**

(Commission of Appeals of Texas, Section A. May 19, 1920.)

**1. Bankruptcy ⏝149—Assets of partnership not drawn into bankruptcy proceedings unless a party.**

Where neither a partner nor the partnership were parties to a bankruptcy proceeding in which another partner was adjudicated a bankrupt, the adjudication in bankruptcy did not draw into the proceedings the assets of the partnership, in view of Bankr. Act, § 5g (U. S. Comp. St. § 9589).

**2. Bankruptcy ⏝149 — Partner of bankrupt may convey firm real estate.**

Under Bankr. Act, § 5g (U. S. Comp. St. § 9589), a partner had the implied power to convey the real estate of the firm in settlement of the firm's business and to dispose of his own interest, where neither he nor the firm were parties to a proceeding in which another partner was adjudicated a bankrupt.

**3. Estoppel ⏝92(3)—Agreement of third person to release maker binding on third person's subsequently acquiring note.**

Where defendant bought interest in business, giving note therefor, and a partnership was formed and the two partners executed notes to a third person, the note given for the interest in the business being placed as collateral, and the seller of the partnership interest was adjudicated a bankrupt, and the defendant sold the real estate of the firm to the third person in consideration of a discharge of the note against the partnership and a release of defendant from liability on his note to the bankrupt, the agreement of the third person to release defendant from liability on his note was a binding obligation upon the third person, and it could not recover thereon where the note subsequently came into his hands.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by H. C. Denny & Co. against W. J. Lee. From a judgment of the Court of Civil Appeals (188 S. W. 294), affirming a judgment in favor of defendants, the plaintiffs bring error. Affirmed.

Jno. B. Durrett, of Belton, for plaintiff in error.

A. L. Curtis, of Belton, and Winbourn Pearce and W. W. Hair, both of Temple, for defendant in error.

SPENCER, J.  In October, 1906, R. E. Rankin sold the defendant in error, W. J. Lee, a one-third interest in the Bell County Roller Mills Company, for the sum of $5,000, evidenced by the note which is the subject of this litigation.  No deed was ever drawn transferring the Roller Mills properties, which consisted of real estate and personalty, to defendant in error, yet it is undisputed that by the transaction he became a partner with R. E. Rankin, and the owner of a one-third interest in the company's properties.

In March, 1907, the firm of Rankin & Lee, conducting the Bell County Roller Mills Company, borrowed for the benefit of the partnership the sum of $10,000 from H. C. Denny & Co., a copartnership, hereinafter referred to as plaintiffs in error, as evidenced by three promissory notes of equal amount, and gave a deed of trust on the mill properties to secure the payment of the sum obtained.  Rankin and defendant in error both signed the deed of trust.  The $5,000 note was attached to the three notes, and held by plaintiffs in error as collateral security.

On March 29, 1908, R. E. Rankin and W. J. Lee, joined by his wife, Alice Lee, conveyed by deed to plaintiffs in error all their interest in and to the real estate of the Bell County Roller Mills Company.  The recited consideration in the deed was the cancellation and payment of the three notes.  The defendant in error contended that it was a part of the consideration that the $5,000 note was by this transaction canceled and discharged.

Prior to the execution of this deed—on the 28th day of March, 1908—R. E. Rankin was adjudged a bankrupt in the federal District Court at Waco.  Subsequent to this adjudication, but before the application of the bankrupt for discharge, plaintiffs in error, becoming dissatisfied with the title secured from R. E. Rankin, a bankrupt, made application to the referee in bankruptcy, through the trustee, to purchase the real estate of the milling company and the $5,000 note signed by defendant in error, in consideration of the cancellation of the three notes; the $5,000 note having been listed as an asset by R. E. Rankin in his schedule filed in the bankruptcy court.  Notice of sale in conformity with the above facts was duly made, and the trustee in bankruptcy, by deed dated June 23, 1908, conveyed the interest of R. E. Rankin in the real estate of the milling company, and the $5,000 note signed by defendant in error, to the plaintiffs in error.

The plaintiffs in error sued upon the note, and the trial court instructed the jury to find for the plaintiffs in error, unless it should find that, in consideration of said conveyance of May 29, 1908, by W. J. Lee and wife, Alice Lee, the note was canceled and discharged.  The trial resulted in a judgment for defendant in error, and the Court of Civil Appeals affirmed the judgment.  188 S. W. 294.  Writ of error granted by the Committee of Judges.

[1] The jury having returned a verdict for defendant in error, its verdict concludes the controversy, unless, as contended by plaintiffs in error, the act of the parties in contracting with reference to the note at a time

⏝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

when it was listed as an asset of the bankrupt, R. E. Rankin, whose estate was being administered in the bankruptcy court, was without sanction of law. The defendant in error was not a party to the bankruptcy proceedings, and had no actual knowledge of its pendency; neither was the partnership a party to it. If neither the defendant in error nor the partnership was a party to the bankruptcy proceedings, the adjudication of Rankin as a bankrupt did not draw into the proceedings the assets of the partnership. This being true, defendant in error's course in handling the partnership property would be governed by Bankruptcy Act July 1, 1898, c. 541, § 5g (section 9589, U. S. Statutes), which reads:

"In the event one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt."

[2] Under the terms of the section of the article quoted, defendant in error had the implied power to convey the real estate of the firm in settlement of the firm's business. That he also had the right to dispose of his own interest cannot be doubted. In the settlement he deeded his one-third interest in the partnership real estate, and as a consideration therefor was to be released from all liability to H. C. Denny & Co., and from liability on the note in question. Upon the faith of this agreement, defendant in error surrendered, and plaintiffs in error took possession of, the partnership properties, and have enjoyed their use since.

Plaintiffs in error urge, however, that by the agreement it was not intended to and they did no more than release the lien held upon the note as collateral security, and that by reason of the bankruptcy proceedings they had no power to do more than this. There was evidence that defendant in error understood that he was to be released from all liability on the note, and that plaintiffs in error agreed thereto. This conflict was settled by the jury in favor of defendant in error's contention.

[3] No legal objection exists as between plaintiffs in error and defendant in error why plaintiffs in error could not contract to release Lee from liability on the note, even though the note was then in the hands of the trustee in bankruptcy. Granting that plaintiffs in error could not be substituted for defendant in error, in so far as the creditors of Rankin were concerned, yet, if plaintiffs in error agreed that, in consideration of defendant in error's deeding his interest in the mill properties to them, they would

release him from liability on the note, the obligation as between them was binding and enforceable; and the note subsequently coming into their hands must, under the terms of the agreement, be held to be satisfied and discharged.

We, therefore, conclude that the judgment of the Court of Civil Appeals and the district court should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.